# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORENZO S. PAGE
       Petitioner,

v.                                           Case No. 12-C-0031

BUREAU OF PRISONS
       Respondent.

## DECISION AND ORDER

Petitioner Lorenzo Page filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit towards his federal sentence for time spent in state custody. Subsequent review by the Bureau of Prisons ("BOP") appears to have mooted part of petitioner's claim; I now deny petitioner's remaining contention.

## I. FACTS AND BACKGROUND

**A.**     **Underlying Criminal Cases**

On June 26, 2006, the State of Wisconsin charged petitioner in Racine County Circuit Court with possession of amphetamine with intent to distribute. Petitioner appeared and on or about July 6, 2006, he was released on $10,000 cash bond, later increased to $15,000. On May 8, 2007, petitioner pleaded guilty, and the case was set for sentencing on July 20, 2007. Petitioner failed to appear at the sentencing hearing, and the court ordered a bench warrant.

On or about September 13, 2007, petitioner was arrested and charged by the State of Wisconsin in Milwaukee County Circuit Court with felon in possession of a firearm and other offenses. On September 18, 2007, the State charged petitioner in Racine County Circuit Court with bail jumping based on alleged violations of his conditions of release in the 2006 drug case,

and he appeared on this charge in Racine County Circuit Court on October 12, 2007. The Racine County cases were subsequently adjourned several times to afford petitioner time to retain counsel and counsel to get up to speed.

The Milwaukee County charges arising out of the September 13, 2007 arrest were dismissed when, on October 23, 2007, the government filed an indictment in this district charging petitioner with felon in possession of a firearm. On May 8, 2008, the government obtained a writ of habeas corpus ad prosequendum, directed to the Racine County Jail, securing petitioner's appearance at an arraignment and plea hearing. On May 9, 2008, petitioner asked the Racine County Circuit Court to adjourn his state cases until the federal case concluded.

Petitioner appeared before a magistrate judge in this district on May 30, 2008, and the magistrate judge ordered that a detainer be placed with state authorities. On August 25, 2008, petitioner pleaded guilty to the federal indictment, and on August 21, 2009, Judge Clevert sentenced him to 72 months in prison. Petitioner was not, at the time, serving any other sentence, and the federal judgment was silent as to whether the federal sentence should run concurrent or consecutive to any other term; nor did the federal judgment say anything about sentence credit.[1] Defendant was remanded to the custody of the marshal after sentencing.

According to the partial return affixed to the writ of habeas corpus ad prosequendum,

---

[1] At the time, the rule in this circuit was that a "judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose." Romandine v. United States, 206 F.3d 731, 737-38 (2000). In Setser v. United States, 132 S. Ct. 1463, 1468 (2012), the Supreme Court held that district judges may order that a sentence run concurrent or consecutive to an anticipated state sentence. Federal sentence credit was in 2009 and is now determined by the BOP. See United States v. Wilson, 503 U.S. 329, 333-34 (1992); 18 U.S.C. § 3585(b). Thus, the absence of any statement on these issues in petitioner's 2009 judgment is unsurprising.

2

the U.S. Marshal returned petitioner to the Racine County Jail on September 1, 2009. It appeared from the return that the Marshal maintained custody of petitioner (at the Kenosha County Jail) between May 2008 and September 2009. However, this did not alter primary jurisdiction. See Jake v. Herschberger, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999).

On September 10, 2009, petitioner appeared in Racine County Circuit Court to resolve the pending charges of possession of amphetamine with intent to deliver and bail jumping. The state court sentenced him to 6 years (bifurcated into 3 years initial confinement followed by 3 years extended supervision) on the drug count and 4 years (2 years initial confinement followed by 2 years extended supervision) on the bail jumping count, running concurrently with each other but consecutively to the federal sentence. The state court declined to award any credit towards these sentences, believing based on the representations of counsel that petitioner would receive credit on his federal sentence back to September 2007, when he was arrested in Milwaukee. On or about October 6, 2009, the United States Marshal filed a detainer with state authorities related to his federal sentence.

**B.     Habeas Litigation**

On January 9, 2012, petitioner filed his pro se petition for habeas corpus, arguing that he was erroneously placed in the custody of the state prison system following the September 10, 2009 hearing in Racine County. He believed that he should serve the federal sentence first. However, the record indicated that petitioner was at all relevant times in primary state custody: he appeared in federal court pursuant to a writ, and the United States Marshal filed a federal detainer after returning him to state authorities. A person "borrowed" from the state pursuant to a writ of habeas corpus ad prosequendum is appropriately returned to the state after the federal proceedings are completed. Petitioner further indicated that the state court

3

refused to award him any pre-sentence credit because (the court believed) the time was awarded towards his federal sentence (although it had not been). Finally, petitioner stated that on July 15, 2011, he asked the BOP to award him credit from September 2007 to September 2009, and to designate the state facility as the place of federal confinement pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), but he had not yet received a response to his request.[2]

On January 31, 2012, I issued an order on the habeas petition, noting that requests for sentence credit and/or a nunc pro tunc designation are cognizable under 28 U.S.C. § 2241. See Staley v. Wallace, No. 07-C-179, 2007 WL 709781, at *1 (E.D. Wis. Mar. 5, 2007) (citing Brown v. Ashcroft, 41 Fed. Appx. 873, 874 (7th Cir. 2002)). However, I also noted that a § 2241 petitioner must first exhaust administrative remedies. See Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997). The Attorney General, acting through the BOP, determines where an inmate serves his sentence and whether he receives credit for time served, see Jake, 173 F.3d at 1063-65; United States v. Brumbaugh, 909 F.2d 289, 290-91 (7th Cir. 1990), and district courts are limited to reviewing the BOP's decisions, see United States v. Koller, 956 F.2d 1408, 1417 (7th Cir. 1992); Brumbaugh, 909 F.2d at 290. Because it appeared the BOP had not yet acted on petitioner's Barden request, there was nothing for me to review. However, rather than dismissing the petition without prejudice (allowing re-filing after exhaustion of administrative remedies), see Greene v. Meese, 875 F.2d 639, 643 (7th Cir. 1989), I held the petition open, directing petitioner to advise the court, on or before March 1, 2012, of the status

---

[2]On October 19, 2011, the BOP contacted Judge Clevert about the Barden request, but the judge did not respond; the BOP's letter stated that if after 60 days a response was not received it would complete its review and make a decision.

4

of his Barden request.

On February 9, 2012, petitioner filed a letter indicating that the BOP had denied his Barden request and asking me to rule on his petition. However, he did not provide a copy of the denial or otherwise explain how the BOP abused its discretion. See, e.g., Ramos-Rodriguez v. Warden, FCI Fort Dix, 446 Fed. Appx. 417, 418 (3d Cir. 2011) (explaining that judicial review of a Barden decision is limited to whether the BOP abused its discretion). On March 1, 2012, I issued an order directing petitioner to file a copy of the Barden decision, along with a brief explaining how the BOP abused its discretion. Petitioner submitted these materials on March 19, 2012.

In its decision,[3] the BOP indicated that § 3585(b) prohibited it from awarding credit for the time petitioner spent in state custody. However, the Bureau agreed to consider petitioner's request for credit as a request for a retroactive (concurrent) designation under Barden. Considering the factors in 18 U.S.C. § 3621(b), the BOP determined that a nunc pro tunc designation was not appropriate in petitioner's case. (R. 21-2.)

After reviewing the BOP's decision and petitioner's other materials, I issued an order on July 26, 2012. I noted that while the BOP believed that 18 U.S.C. § 3585(b) prohibited application of the credit petitioner sought, the decision did not specify why this time could not be credited under § 3585(b)(1) or (2). See, e.g., United States v. Moore, 978 F.2d 1029 (8th Cir. 1992) (noting that a federal prisoner may receive credit for time spent in state custody on subsequently dismissed state charges arising out of the same incident). To the extent that the Bureau may have believed that the time at issue had been credited against another sentence

---

[3]The decision is set forth in a letter dated December 27, 2011. (R. 21-2.)

5

(thus triggering the § 3585(b) bar on double credit), the record showed otherwise; the state court declined to credit this time (from September 2007 to September 2009). I noted that the decision to deny the Barden request under § 3621(b) did not appear to be an abuse of discretion, given the state judge's order for consecutive sentences and the absence of any contrary view from Judge Clevert. However, I noted that petitioner appeared to be entitled to at least some credit, which he was not receiving, and that counsel could aid in the resolution of the matter. I therefore appointed counsel under 18 U.S.C. § 3006A(a)(2)(B).

After counsel was appointed, I held status hearings on August 31, 2012, and October 24, 2012, then ordered supplemental briefing. Meanwhile, petitioner completed service of his state sentence in September 2012, at which point he was transferred to federal custody. The BOP designated him to FCI Victorville, setting a projected release date of November 2017, reflecting no credit for the two year period at issue in the petition. On November 5, 2012, petitioner, through counsel, filed a supplemental memorandum, seeking an order: (1) directing the BOP to afford him two years of credit (September 2007 to September 2009) pursuant to 18 U.S.C. § 3585(b) and (2) requiring the BOP to revisit its exercise of 18 U.S.C. § 3621(b) discretion based on a more complete record, including consideration of the state court judge's mistaken belief in structuring the sentence that petitioner would serve the federal sentence first and that petitioner could, when serving the later state term, participate in programming (e.g., Wisconsin's Earned Release Program) free from the interference of a federal detainer.[4]

---

[4] Under the Earned Release Program (since renamed the Wisconsin Substance Abuse Program), an inmate may on successful completion have the remaining confinement portion of his bifurcated sentence converted to extended supervision. See Wis. Stat. § 302.05. However, inmates subject to federal detainers cannot, due to Wisconsin DOC policy, be sent to the minimum security facilities where the program operates; practically, they are barred from such early release.

6

In its December 21, 2012 response, the government conceded that petitioner's arguments may have merit but argued that they were properly the subject of a renewed request to the BOP. Petitioner's previous request – made before he came into federal custody – was, the government believed, premature. The government therefore requested that I deny the petition without prejudice.

On March 12, 2013, I held a status conference, which I continued to May 10, 2013, and then June 7, 2013. By that point, it appeared that the BOP had indeed revisited its decision on the credit issue, setting a new projected release date of November 2015, which seemed to moot that portion of petitioner's claim. However, petitioner maintained his <u>Barden</u> request for a nunc pro tunc designation.

On June 11, 2013, the government moved to dismiss the petition, arguing that it had been filed in the wrong district. However, the government later modified its position, acknowledging that under 28 U.S.C. § 2241(d) petitioner could have filed in the Eastern or Western Districts of Wisconsin.[5] The government continued to regard the matter as premature, however.

On July 23, 2013, petitioner replied, stating that the BOP's website now projected no

---

[5] At the time he filed the petition, petitioner was detained in a state facility located in the Western District of Wisconsin, and the BOP has no facilities in the Eastern District of Wisconsin. However, § 2241(d) permits a prisoner, detained pursuant to the judgment of a state court in a state which contains two or more federal judicial districts, to file his petition in the district where he is confined or where he was convicted and sentenced. In this case, petitioner was sentenced by a state court sitting in the Eastern District of Wisconsin. Thus, he could properly file the petition in this district. Petitioner's subsequent transfer to a federal facility in California would also not appear to affect jurisdiction. <u>See</u> <u>Schiselman v. United States Parole Commission</u>, 858 F.2d 1232, 1235 n.3 (7th Cir. 1988). Finally, because the record contains a written BOP decision on petitioner's <u>Barden</u> request (R. 21-2), and it does not appear the BOP intends to issue another (R. 31-2), the matter is ripe for resolution.

7

release date, perhaps indicating a retraction of the previous grant of credit; he thus asked me to rule on that portion of the request. Petitioner further argued that his challenge to the BOP's exercise of discretion under § 3621(b) was ripe and should be resolved in his favor.

## II. DISCUSSION

In preparing this decision, I checked the BOP's website, which, as of October 10, 2013, lists petitioner's projected release date as November 24, 2015. Given the length of the sentence Judge Clevert imposed, with good time, this release date includes the two years of credit petitioner wants.[6] Accordingly, that portion of his petition appears moot.[7]

Petitioner nevertheless asks me to order the BOP to revisit its decision on the Barden request. In order to evaluate this request, it is necessary to understand what happened in Barden, and why this case is different.

On April 28, 1975, Kevin Barden was arrested by Pennsylvania authorities and charged with robbery, rape, and kidnapping. On October 21, 1975, while awaiting trial on those charges, Barden was transferred to the custody of federal authorities under a writ of habeas corpus ad prosequendum, sentenced to 20 years in prison for a bank robbery conviction in United States District Court for the Western District of Pennsylvania, and then returned to state custody. The state court then sentenced him to 11 to 30 years, running concurrently with the federal sentence. As he had always been in primary state custody, Barden was sent to a state prison to serve his state sentence first, with a federal detainer lodged against him. Barden was

---

[6]As of November 5, 2012, shortly after his transfer into federal custody, the BOP projected a release date of November 1, 2017. (R. 21-3.)

[7]I will direct the Clerk to delay entry of judgment for a period of 5 days, during which petitioner may advise me if he has contrary information.

8

paroled from state custody on December 15, 1986, turned over to federal authorities under the detainer, and entered a federal penitentiary on February 12, 1987, to begin serving his 20-year federal sentence for bank robbery. Barden tried to gain credit for the time he served in state prison by having the BOP designate, nunc pro tunc, the state facility as the place of federal confinement. The BOP refused, believing itself unable to grant such relief, and he then filed a habeas action under § 2241. 921 F.3d at 478.

The district court denied his petition, but the Third Circuit reversed, holding that the BOP should have at least considered Barden's request in the exercise of discretion. Id. at 479. The court of appeals accepted that Barden's federal sentence could not at that point be made concurrent with the state sentence, and that federal sentences do not commence until the defendant is received into federal custody. However, the BOP possessed the authority to rectify the apparent injustice in Barden's case – in which he would otherwise serve his sentences consecutively, despite the state court's order for concurrent terms – by making a nunc pro tunc designation of the state facility as the place where Barden served his federal sentence. Id. at 480. The court therefore ordered the BOP to consider Barden's request in accord with its broad statutory authority to make nunc pro tunc designations. Id. at 481.

This case is different from Barden in two key respects. First, the BOP acknowledged its authority to grant petitioner nunc pro tunc relief; it did not assert inability to make the retroactive designation just because the district court judge did not make the federal sentence concurrent, as happened in Barden. See 921 F.2d at 483-84. Instead, the BOP exercised its discretion under the § 3621 factors. (R. 21-2.)[8]

---

[8] The BOP specifically considered the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, statements

9

Second, unlike in Barden, the state court judge in this case specifically said that the sentences should be consecutive, not concurrent. The BOP also solicited Judge Clevert's views, and he said nothing to the contrary. Thus, unlike in Barden, refusal to grant relief through a nunc pro tunc designation in this case would not frustrate judicial intent; to the contrary, affording relief would give petitioner more than he was able to get in court.

Petitioner argues that the BOP acted on incomplete information. He first contends that the BOP acted without input from the federal sentencing court. But the BOP specifically contacted Judge Clevert for his views; the judge declined to respond. More substantially, petitioner contends that the BOP failed to consider – and may not have been aware – that the state court, in fashioning a consecutive sentence, mistakenly believed that the state sentence would be served after petitioner completed his federal sentence, and that petitioner therefore may have been able to take advantage of early release programs free from the interference of a federal detainer.

As petitioner concedes, however, his claim in this regard rests on several layers of speculation. There is no way to predict whether, absent the federal detainer, petitioner would have been sent to a minimum security state facility where the Earned Release Program operated; if so, whether he would have been accepted into the program; if so, whether he would have completed the program; and, if so, what portion of his term of initial confinement

---

from the sentencing courts, and any pertinent policy statements from the Sentencing Commission (R. 21-2), as 18 U.S.C. § 3621(b) requires. The Bureau specifically discussed the nature of the instant federal offense (felon in possession of a firearm), petitioner's prior convictions (including the state charges for which he was then imprisoned), and the silence of the federal court on concurrent v. consecutive. The BOP also noted that, under 18 U.S.C. § 3584, terms of imprisonment imposed at different times generally run consecutively unless the court orders otherwise.

10

would have been converted to extended supervision. Petitioner also provides no reason to believe that, even if such predictions could be made, the result should be different. The fact of the matter is that the state court judge imposed a consecutive sentence, and the federal court judge declined to say anything to the contrary. I cannot conclude that the BOP's failure to specifically consider these peculiar facts amounts to an abuse or otherwise necessitates an order that the Bureau revisit the issue.

### III. CONCLUSION

It appearing that the Bureau has appropriately reviewed the credit issue under § 3585(b), granting credit for the two year period from September 2007 to September 2009, that portion of the petition is moot. Petitioner fails to show that the BOP abused its discretion in deciding the Barden request, or that the matter should otherwise be returned for reconsideration.

**THEREFORE, IT IS ORDERED** that the petition is **DENIED**, and this action is **DISMISSED**. The Clerk shall, unless otherwise directed, enter judgment 5 days from today.

Dated at Milwaukee, Wisconsin this 11th day of October, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

11